# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **DERRICK D. DOUGLAS,**  *Plaintiff*,  v.  **LEGACY HOUSING CORPORATION,**  *Defendants.* | **CIVIL ACTION NO.**  **5:20-cv-00384-TES** |

## ORDER DISMISSING PLAINTIFF'S COMPLAINT

Plaintiff Derrick D. Douglas, initially proceeding *pro se*, filed suit against his former employer, Legacy Housing Corporation, alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.*, and the Americans with Disabilities Act (the "ADA"), as codified, 42 U.S.C § 12112 *et seq.* [Doc. 1]. Contemporaneous with this filing, Plaintiff also sought leave to proceed *in forma pauperis*. [Doc. 2]. The Court, after granting him such leave, then reviewed Plaintiff's Complaint [Doc. 1] to determine whether it was frivolous, malicious, failed to state a claim upon which relief could be granted, or sought monetary relief from an immune defendant. [Doc. 3]; *see* 28 U.S.C. § 1915(e).[1] Upon

---

[1] The Court may dismiss an action based upon any one of these grounds. 28 U.S.C. § 1915(e)(2)(B)(i)(ii)(iii); *see also Robinson v. United States*, 484 F. App'x 421, 422 n.2 (11th Cir. 2012) (per curiam) ("... 28 U.S.C. § 1915(e), which governs proceedings *in forma pauperis* generally ... permits district courts to dismiss a case 'at any time' if the complaint 'fails to state a claim on which relief may be granted.'").

review of his Complaint, the Court determined that Plaintiff failed to state a cognizable claim under Title VII or the ADA[2]. *See generally* [Doc. 3]. Instead, Plaintiff's grievance appeared to center solely on the allegation that his employer wrongfully terminated him after he expressed health and safety concerns regarding workplace restrooms and breakroom facilities. *See generally* [Doc. 1, p. 4]. However, rather than dismiss his claims for the reasons stated, the Court ordered Plaintiff to recast his Complaint and plead sufficient facts to state a plausible claim for relief under either statute within 14 days from the date of its Order. [Doc. 3, p. 8]. Appropriately, within that Order [Doc. 3], the Court also outlined the deficiencies in Plaintiff's original Complaint and provided specific instruction as to how he could cure them in his recast Complaint. *See* [*id.* at pp. 4–8]. Furthermore, the Court cautioned Plaintiff that his failure to recast his Complaint in compliance with the Court's Order could result in the dismissal of this action. [*Id.* at p. 8].

    Fourteen days passed from the date of that Order, and Plaintiff had not recast his Complaint. However, within that timeframe, Plaintiff retained counsel, who filed a formal entry of appearance. [Doc. 4, p. 1 ("Plaintiffs *(sic)* retained Counsel on November

---

[2] For example, to state a claim for discrimination under the Americans with Disabilities Act (the "ADA"), a plaintiff must allege sufficient facts to show that he was a "qualified individual" at the time he suffered the adverse employment action and that he suffered this action because of his disability. *Equal Emp. Opportunity Comm'n v. STME, LLC*, 938 F.3d 1305, 1314 (11th Cir. 2019) (citing *Mazzeo v. Color Resols. Int'l, LLC*, 746 F.3d 1264, 1267–68 (11th Cir. 2014)). In his initial Complaint, Plaintiff failed to address any of these elements. *See generally* [Doc. 1]. In fact, the Court even noted its confusion as to the relevancy of an alleged disability discrimination claim premised on the facts as presented. *See* [Doc. 3, p. 7].

20, 2020."); Doc. 8]. Then, on December 2, 2020, Plaintiff's newly-retained counsel moved for an extension of time "to file an answer or otherwise plead up to and including 2 December 2020."[3] [*Id.*]. And, although she asked for an extension to file a new complaint, Plaintiff's counsel went ahead and filed an Amended Complaint.[4] [Doc. 5]. The Court, upon brief review of the newly-filed Amended Complaint, concluded that the substance of Plaintiff's allegations once again failed to state a cognizable claim for discrimination or retaliation under Title VII.[5] And, it necessarily follows from such a conclusion that Plaintiff necessarily failed to recast his Complaint (and his claims) in as

---

[3] Although the Plaintiff's motion actually asked for additional time to file an *answer* in his own action, the Court can only assume that such a statement was made in error. Plaintiff clearly copied from a different motion and failed to tailor it to this case. *See, e.g.*, [Doc. 4, p. 1 ("NOW COMES the Defendants, Derrick D. Douglas ("Plaintiff"), by and through undersigned counsel . . ."); ("THEREFORE, State Defendants respectfully request the Court for an order extending the time to file . . .")].

[4] Interestingly, despite having retaining counsel, Plaintiff filed his Amended Complaint [Doc. 5] on a standard pro se litigant employment discrimination complaint form and appears to have personally drafted the factual allegations underlying this action. *See* [Doc. 5, p. 6].

[5] The Court first notes that Plaintiff limited this action to one arising *only* under Title VII. [Doc. 5, pp. 3–4]. Under this statute, Plaintiff alleges his employer engaged in discriminatory conduct by terminating his employment and ultimately retaliating against him. [*Id.* at p. 4]. These are not necessarily new claims. Indeed, the Court, in its prior Order, quite clearly instructed Plaintiff on how to plead sufficient facts to state a claim for discrimination and/or retaliation under Title VII. *See* [Doc. 3, pp. 5–7]. And yet, Plaintiff appears to have ignored such instructions and, once again, only generally alleges that his employer retaliated against him and wrongfully terminated him for voicing concerns about the cleanliness of the workplace restrooms. [Doc. 5, p. 5 ("I was terminated in retaliation of requesting clean restrooms and refusing to clean them myself.")]. The Court already informed Plaintiff that this was not sufficient. [Doc. 3, pp. 6–7]. And, while Plaintiff, in this go-around, at least informed the Court that he belonged to a protected class (one based on race), this similarly is not sufficient to allege a race discrimination claim. [Doc. 5, p. 4]; *see Lewis v. City of Union City*, 918 F.3d 1213, 1220 (11th Cir. 2019) (quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

the Court had earlier instructed. Furthermore, it is important to note that Plaintiff failed to follow such instruction -- *even after acquiring counsel*.[6] Since Plaintiff no longer proceeds *pro se* in this action, the Court no longer needs to liberally construe his pleadings to find the strongest argument suggested. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (citation omitted).

However, in an effort to be as fair as possible to Plaintiff and his counsel, the Court gave Plaintiff an additional 21 days to recast his Complaint to comply with Federal Rules of Civil Procedure 8 and 10.[7] [Doc. 7]. The Court also cautioned Plaintiff that his failure to recast his Complaint and cure such deficiencies could result in the dismissal of this action. [*Id.*].

The time for Plaintiff to comply with such instruction has passed, and he has failed to issue any response. The Court has provided Plaintiff ample opportunity to recast his Complaint as instructed. *See* [Doc. 3]; [Doc. 7]. Because Plaintiff has failed to comply with the Court's instructions and orders and otherwise failed to diligently prosecute his claims, this action is **DISMISSED without prejudice**. *See* Fed. R. Civ. P.

---

[6] Plaintiff's counsel signed the Amended Complaint. [Doc. 5, p. 6].

[7] In addition to the Court's Order to recast his Complaint in compliance with the aforementioned Federal Rules of Civil Procedure, the Court reminded Plaintiff that since he proceeded in this action *in forma pauperis*, any recast Complaint was subject to frivolity review under 28 U.S.C. § 1915. [Doc. 7].

41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b) and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.").

**SO ORDERED**, this 31st day of December, 2020.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**